IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENELLE DIANE SPRATLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:13-cv-00793-WC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Genelle Diane Spratley, applied for disability insurance benefits and supplemental security income benefits.  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision. Plaintiff appealed that decision to the Appeals Council, which rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. The RFC may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-six years old at the time of the decision, Tr. 43, and has an eleventh grade education, Tr. 45.  Following the administrative hearing and employing the five-step process, the ALJ found at Step 1 that Plaintiff "has not engaged in substantial gainful activity since April 29, 2010, the alleged onset date."  Tr. 24.  At Step 2, the ALJ found that Plaintiff suffers from severe impairments of "degenerative disc disease of the lumbar spine; status post diskectomy and fusion at C5-7; hypertension; depression; and anxiety disorder."  *Id.*  The ALJ then found at Step 3 that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  Tr. 25.  Next, the ALJ found that Plaintiff has the RFC to perform light work with additional limitations.  Tr. 26.

Following the RFC determination, the ALJ found at Step 4 that Plaintiff could not perform her past relevant work.  Tr. 32.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 33.  The ALJ identified the following occupations as examples:  "mail clerk," "shipping and weigher," and "office helper."  *Id.*  Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from April 29, 2010, through the date of th[e] decision."  *Id.*

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed because the ALJ erred as a matter of law in failing to discuss, much less consider, the severity and impact of Plaintiff's obesity, in combination with her other severe and non-severe impairments, as required"; and (2) whether "[t]he Commissioner's decision should be reversed because the ALJ erred as a matter of law in failing to discuss, much less consider, the side effects from Plaintiff's medications on her ability to work, as required." Pl.'s Br. (Doc. 12) at 4.  The court will address each argument below.

## V. DISCUSSION

### A. *Whether the ALJ erroneously failed to consider Plaintiff's obesity*

Plaintiff argues that "the ALJ never discussed or even mentioned Plaintiff's obesity and its impact with her other severe and non-severe impairments." Pl.'s Br. (Doc. 12) at 7.  Plaintiff asserts that based on a height of five feet five inches tall and a weight ranging from 211 to 215 pounds at all times relevant to this proceeding, Plaintiff should be classified as obese.  *Id.*  Plaintiff states that her Body Mass Index ("BMI") "has consistently been over 35 during the relevant time period in question, indicating that she has Level II obesity by definition." *Id.*

6

Defendant argues that "[n]o physician in the record diagnosed Plaintiff with obesity, and the ALJ was not required to make a lay diagnosis." Def.'s Br. (Doc. 13) at 6. Defendant further argues that "[Plaintiff] fails to identify any functional impairments related to obesity, nor is there any indication in the record that her weight caused *any* functional limitations." *Id* at 7.

Plaintiff has failed to point to any medical records diagnosing or even mentioning her obesity. An ALJ's failure to address obesity in his decision is not reversible error when a plaintiff fails to allege obesity as a limitation and the medical reports do not indicate obesity would prevent a plaintiff from performing substantial gainful activity. *Fincher v. Astrue*, No. CV-308-108, 2010 WL 739513, at *5 (S.D. Ga. Mar. 1, 2010). Here, the only evidence upon which Plaintiff relies to self-diagnose her obesity is her BMI. Pl.'s Br. (Doc. 12) at 7. However, this is not sufficient. Under Social Security Ruling 02-1P, simple allegations with respect to a plaintiff's weight are not enough to establish that a plaintiff's obesity is a severe impairment on her ability to work.

> There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes. Rather, we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.

SSR 02-1P, 2002 WL 34686281 (Sept. 12, 2002), *at 4.

> When the evidence in a case does not include a diagnosis of obesity, but does include clinical notes or other medical records showing consistently

7

> high body weight or BMI, [the ALJ] may ask a medical source to clarify whether the individual has obesity. However, in most such cases [the ALJ] will use [his or her] judgment to establish the presence of obesity based on the medical findings and other evidence in the case record, even if a treating or examining source has not indicated a diagnosis of obesity.

SSR 02-1P, 2000 WL 34686281 (Sept. 12, 2002). Here, the ALJ considered the exercise test, Plaintiff's appetite and weight fluctuations, and Plaintiff's height and weight. Tr. 27-29. Although Plaintiff claims she needs to rest after twenty to thirty minutes of walking, there is no evidence in the record to support that this is caused by obesity. The ALJ is not obligated to find obesity, thus, there is no error. Additionally, Plaintiff does not identify any functional limitations caused by obesity that would conflict with the RFC assessment by the ALJ.

The court also observes that an ALJ is "under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (citing *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996). This is particularly salient where the claimant is represented by counsel. *Id.* "The ALJ is not subject to a heightened duty to discover all of the facts relevant to a claimant's disability claim." *Id.* Plaintiff first raised the issue of obesity in this appeal. Nowhere in the transcript of the hearing does she mention obesity as an impairment, let alone a severe impairment. Tr. 41-44. Plaintiff's weight is only briefly mentioned when the ALJ examined Plaintiff regarding her weight

8

and its fluctuation. Tr. 44. The ALJ was under no obligation to raise the argument for Plaintiff.

Thus, the court concludes that the ALJ's failure to discuss Plaintiff's obesity as a severe impairment is not reversible error since at no point during the hearing did Plaintiff mention obesity as a severe impairment and did not address how her alleged obesity created functional limitations beyond those described in the RFC.

### B.  *Whether the ALJ erroneously failed to consider the side effects from Plaintiff's medications and the impact on Plaintiff's ability to work*

Plaintiff argues that the "the ALJ failed to consider, or even discuss[,] the side effects of [Plaintiff]'s medications and its impact on her ability to work as required." Pl.'s Br. (Doc. 12) at 11. In essence, Plaintiff asserts that the ALJ acknowledged the side effects of the medication "when paraphrasing [Plaintiff]'s testimony at the hearing, but no discussion regarding the side effects of her medication was included." *Id*. Additionally, Plaintiff argues that the ALJ failed to mention the medical records that document Plaintiff's side effects. *Id*.

Defendant asserts that, because "Plaintiff herself acknowledges that the ALJ reviewed and considered her reports of medication side effects," this claim is without merit. Def.'s Br. (Doc. 13) at 7-8. Defendant then argues that, even if the Plaintiff's acknowledgment that the ALJ considered two specific side effects was not fatal, the evidence of record fails to show how any additional side effects limited her ability to work. *Id*. at 8. In addition, Defendant contends that the medical records indicate that the

medications from which Plaintiff reported having side effects while Plaintiff was taking them, were not medications she continued to take. *Id*. at 7-9.

The court would first note that Plaintiff mentions multiple side effects in her brief, including frequent restroom use, headaches, confusion, concentration, and the ability to drive her car. Pl.'s Br. (Doc. 12) at 10-11. However, during the hearing before the ALJ, Plaintiff only testified to two of the aforementioned side effects regarding one medication: the pain medication affecting her ability to drive and ability to concentrate. Tr. 60. When a plaintiff is represented by counsel, it is the plaintiff's responsibility to further inquire about the side effects from medication. *Pilnick v. Comm'r of Soc. Sec. Admin.*, 07-11789, 2007 WL 3122168 (11th Cir. Oct. 26, 2007) (Finding that an ALJ does not err in failing to further inquire about side effects when a claimant is represented by counsel.). Here, Plaintiff had the opportunity to testify regarding additional information about medication side effects at the hearing, but did not. Thus, the ALJ did not err in failing to further inquire about Plaintiff's alleged side effects.

As to the Plaintiff's claim that the pain medication affected her ability to drive and concentrate, the court finds that the ALJ did consider these side effects. The ALJ summarized this part of Plaintiff's testimony in his decision and determined that Plaintiff's subjective complaints were not credible to the extent they were inconsistent with the RFC. Tr. 30. Thus, it is clear from the decision that the ALJ did, in fact, consider the side effects of Plaintiff's medication.

10

Furthermore, the court finds that Plaintiff has failed to show how the alleged side effects limit her beyond the ALJ's RFC determination.  Plaintiff claims that her ability to drive is affected when taking the medication and that she does not drive while taking it, but she testified that she drives her kids to and from school despite taking the medication twice a day.  Tr. 44-45, 52-53, 60-61.  Thus, Plaintiff's testimony indicates either that Plaintiff can regulate when she takes her medication in order to avoid driving while taking the pain medication or Plaintiff continues to drive while on the pain medication. Additionally, Plaintiff claims these medications affect her ability to concentrate; however, the ALJ included a limitation in the RFC for short, simple instructions and simple, routine, repetitive tasks.  Tr. 26.  Thus, Plaintiff's arguments have no merit.

For all of the foregoing reasons, the court finds no error in the ALJ's review of the side effects of Plaintiff's medication.

## V.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 23rd day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

11